IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DUSTIN JOHNSON AND CANDICE JOHNSON,<br>PLAINTIFFS,<br><br>VS.<br><br>TEREX CORPORATION, AND TEREX SOUTH DAKOTA, INC.,<br>DEFENDANTS | CIVIL ACTION NO. 6:23-CV-00766-ADA-DTG<br><br>JURY TRIAL DEMANDED |

## JURY VERDICT FORM

In answering these questions, you are to follow the instructions given to you by the Court. You should complete the questions in the order they are presented and refer to the written jury instructions you were provided as you continue to answer the questions. Your answer to each question must be unanimous.

1

# QUESTIONS

**QUESTION 1:**

Was there a design defect in the Boom Saddle at the time it left the possession of Terex South Dakota, Inc. that was a producing cause of the occurrence in question?

    A "design defect" is a condition of the product that renders it unreasonably dangerous as designed, taking into consideration the utility of the product to the user and to the public as a whole weighed against the gravity and likelihood of injury from its use. For a design defect to exist there must have been a safer alternative design.

    "Safer alternative design" means a product design other than the one actually used that in reasonable probability—

1. would have prevented or significantly reduced the risk of the occurrence in question without substantially impairing the product's utility and
2. was economically and technologically feasible at the time the product left the control of Terex South Dakota, Inc. by the application of existing or reasonably achievable scientific knowledge.

    "Producing cause" means a cause that was a substantial factor in bringing about the occurrence, and without which the occurrence would not have occurred. There may be more than one producing cause.

Answer "Yes" or "No."

Answer: __no__

**QUESTION 2:**

Was there a design defect in the Boom aerial device at the time it left the possession of Terex South Dakota, Inc. that was a producing cause of the occurrence in question?

A "design defect" is a condition of the product that renders it unreasonably dangerous as designed, taking into consideration the utility of the product to the user and to the public as a whole weighed against the gravity and likelihood of injury from its use. For a design defect to exist there must have been a safer alternative design.

"Safer alternative design" means a product design other than the one actually used that in reasonable probability—

1. would have prevented or significantly reduced the risk of the occurrence in question without substantially impairing the product's utility and
2. was economically and technologically feasible at the time the product left the control of Terex South Dakota, Inc. by the application of existing or reasonably achievable scientific knowledge.

"Producing cause" means a cause that was a substantial factor in bringing about the occurrence, and without which the occurrence would not have occurred. There may be more than one producing cause.

Answer "Yes" or "No."

Answer: Yes

If you answered "Yes" to Question 1 or 2, then answer Question 3. Otherwise, do not answer Question 3.

**QUESTION 3:**

Did the negligence, if any, of those named below proximately cause the occurrence in question?

"Negligence," with respect to W.T. Fiber Link, LLC means the failure to use ordinary care, that is, failing to do that which a company of ordinary prudence would have done under the same or similar circumstances or doing that which a company of ordinary prudence would not have done under the same or similar circumstances.

"Negligence" with respect to Dustin Johnson means the failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" with respect to W.T. Fiber Link, LLC means that degree of care that would be used by a company of ordinary prudence under the same or similar circumstances.

"Ordinary Care" with respect to Dustin Johnson means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause," with respect to W.T. Fiber Link, LLC means a cause that was a substantial factor in bringing about the occurrence, and without which cause such occurrence would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a company using ordinary care would have foreseen that the occurrence or some similar occurrence, might reasonably result therefrom. There may be more than one proximate cause of an occurrence.

"Proximate cause," with respect to Dustin Johnson, means a cause that was a substantial factor in bringing about an occurrence, and without which cause such occurrence would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the occurrence or some similar occurrence, might reasonably result therefrom. There may be more than one proximate cause of an occurrence.

Answer "Yes" or "No" for each of the following:

1. W.T. Fiber Link, LLC      yes

2. Dustin Johnson            no

If you answered "Yes" to Question 3 for one or more of those named below, then answer the following question. Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to cause the occurrence. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to a person or product is not necessarily measured by the number of acts, omissions, or product defects found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

**QUESTION 4:**

For each person or product you found caused or contributed to cause the occurrence, find the percentage of responsibility attributable to each:

1. The Boom Saddle and/or
   Boom aerial device (Terex South Dakota, Inc.)    25 %

2. W.T. Fiber Link, LLC    75 %

3. Dustin Johnson    0 %

Total    100%

Answer Question 5 if you answered "Yes" to Question 1 or 2. Otherwise, do not answer Question 5.

**QUESTION 5:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Dustin Johnson for his injuries in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Dustin Johnson. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

You are instructed that any monetary recovery for "Loss of earning capacity sustained in the past," and "Loss of earning capacity that, in reasonable probability, Dustin Johnson will sustain in the future" is subject to federal income taxes. Any recovery for all other elements of damages listed below are not subject to federal or state income taxes.

1. Physical pain sustained in the past.

   Answer: $300,000.00

2. Physical pain that, in reasonable probability, Dustin Johnson will sustain in the future.

   Answer: $300,000.00

3. Mental anguish sustained in the past.

   Answer: $750,000.00

4. Mental anguish that, in reasonable probability, Dustin Johnson will sustain in the future.

Answer: $0.00

5. Loss of earning capacity sustained in the past.

Answer: $460,757.00

6. Loss of earning capacity that, in reasonable probability, Dustin Johnson will sustain in the future.

Answer: $1,200,000.00

7. Disfigurement sustained in the past.

Answer: $50,000.00

8. Disfigurement that, in reasonable probability, Dustin Johnson will sustain in the future.

Answer: $100,000.00

9. Physical impairment sustained in the past.

Answer: $0.00

10. Physical impairment that, in reasonable probability, Dustin Johnson will sustain in the future.

Answer: $0.00

11. Medical care expenses in the past.

Answer: $150,000.00

Answer Question 6 if you answered "Yes" to Question 1 or 2. Otherwise, do not answer Question 6.

**QUESTION 6:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Candice Johnson for injuries, if any, to her husband, Dustin Johnson, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Dustin Johnson. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

1. Loss of household services sustained in the past.

    "Household services" means the performance of household and domestic duties by a spouse to the marriage.

    Answer: $25,000.00

2. Loss of household services that, in reasonable probability, Candice Johnson will sustain in the future.

    Answer: $0.00

3. Loss of consortium sustained in the past.

    "Consortium" means the mutual right of the husband and wife to that affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love, and felicity necessary to a successful marriage.

    Answer: $0.00

4. Loss of consortium that, in reasonable probability, Candince Jonson will sustain in the future.

Answer: $0.00

## FINAL PAGE OF THE JURY VERDICT

You have now reached the end of the Verdict Form and should review it to ensure it accurately reflects your unanimous determinations. The Jury Foreperson should then sign and date the Verdict Form in the spaces below. Once this is done, notify the Court Security Officer that you have reached a verdict. The Jury Foreperson should keep the Verdict Form and bring it when the jury is brought back to the court room.

I certify that the jury unanimously concurs in every element of the above verdict.

Signed this __18__ day of December, 2025.

_____
Jury Foreperson